**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

**PENSION BENEFIT GUARANTY
CORPORATION,**

Plaintiff,

v.

**STEPHEN J. FAY, et al.,**

Defendants.

Case No. 2:24-cv-01861-JDW

---

## ORDER

**AND NOW**, this 5th day of November, 2024, upon consideration of Plaintiff Pension Benefit Guaranty Corporation's ("PBGC") Motion For Default Judgment (ECF No. 22), for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED** and a judgment by default is **ENTERED** in favor of PBGC under FED. R. CIV. P. 55(b)(2).

It is **FURTHER ORDERED** that:

1.    Pursuant to 29 U.S.C. § 1109, Stephen J. Fay, James S. Fay, Jr., and the Estate of Margory Ann Fay (collectively, the "Fay Fiduciaries") are jointly and severally liable to PBGC for $1,535,524.15 of losses suffered by the Fay Construction Co., Inc. Pension Plan (the "Pension Plan") as a result of the Fay Fiduciaries' breaches of their duties to the Pension Plan under 29 U.S.C. §§ 1104(a)(1)(A)–(C), 1105(a)(2), and 1106(a) and (b), plus pre- and postjudgment interest;

2.      The Fay Fiduciaries shall restore any profits they enjoyed through use of the assets of the Pension Plan back to the Plan;

3.      Pursuant to 29 U.S.C. §§ 1056(d)(4)(A)(ii) and (C)(ii), PBGC may offset benefits the Fay Fiduciaries are entitled to receive under the Pension Plan, including any rights of Karen Fay and Monique Fay to receive joint-and-survivor annuity benefits or pre-retirement survivor annuity benefits under the Pension Plan, against amounts the Court orders the Fay Fiduciaries to restore to the Pension Plan; and

4.      PBGC is awarded all its costs of litigation in this case, pursuant to 29 U.S.C. § 1303(e)(5).

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.